OHRENSTEIN & BROWN, LLP
*Attorneys for Plaintiff*
1305 Franklin Avenue, Suite 300
Garden City, New York 11530
T: (516) 873-6334
F: (516) 873-8912
Michael D. Brown (michael.brown@oandb.com)
Rosario DeVito  (rosario.devito@oandb.com)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRIAN HOLLAND,

        Plaintiff,

  -against-

DANIEL CHOUEKA and REACH OUT
ENTERTAINMENT, LLC.

        Defendants.
------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff BRIAN HOLLAND ("Holland"), by and through his attorneys, Ohrenstein & Brown, LLP, as and for his Complaint against Defendants Daniel Choueka ("Choueka") and Reach Out Entertainment, LLC ("ROE"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action seeking damages *inter alia* for breach of contract, unjust enrichment, conversion and breach of fiduciary duty. On December 27, 2012, Defendant Choueka, acting as the financial advisor to Plaintiff Holland, authorized a loan to be extended on Plaintiff Holland's behalf, from January 1, 2013 through December 31, 2014, in the amount of Five Hundred Thousand ($500,000) Dollars at compounded interest rate of ten (10%) percent to Co-Defendant ROE, an enterprise controlled by Choueka.  Thereafter, on April 12, 2013, Defendant Choueka authorized a second loan to be extended on Plaintiff Holland's behalf to Co-

Defendant ROE, again without Holland's consent, in the amount of Eighty Thousand Dollars ($80,000) at an interest rate of ten (10%) percent. To date, despite demands for repayment, Defendants have repaid a total of only $77,000 towards the principal due and owing, and nothing towards the amount of interest due and owing. It is this failure to fully repay the principal and interest on each of the loans extended by Holland that gives rise to this instant action.

## PARTIES

2. Plaintiff Brian Holland is an individual residing in the State of Nevada.

3. Upon information and belief, Defendant Choueka was and is a resident and domiciliary of the County of Kings, State of New York.

4. Upon information and belief, Defendant ROE is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business maintained at 535 Fifth Avenue, 30th Floor, New York, NY 10017. ROE is controlled by Defendant Choueka.

## JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of a different State from each of the Defendants and because the value of the matter in controversy exceeds $75,000.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Defendant ROE is a resident of this District.

## BACKGROUND

7. Plaintiff Holland is a prolific songwriter who has written and/or composed over 300 songs and is a member of the Rock and Roll Hall of Fame.

8. Defendant Choueka is the CEO, co-founder and a managing member of Reach Out Entertainment LLC, a live entertainment enterprise with a focus on musical theater development, and resident and national tours for pop artists for the Las Vegas market and beyond.

9. In and around the end of 2012, Choueka represented to Holland that he was fully capable and willing to take over management of Holland's finances, in an effort to, among other things, minimize Holland's tax liabilities and to make as much cash available to Holland as possible.

10. In reliance upon this statement, Holland granted Choueka management control over his finances.

11. On December 27, 2012, Choueka sent an email to Scott Gildea of Gildea & Ivanis, LLP ("Gildea"), Holland's accountants, instructing them to pay $500,000 of Holland's money to ROE as a loan, with interest compounded from January 1, 2013 through December 31, 2014, at a rate of ten (10%) percent to paid out monthly. Attached hereto as **Exhibit "1"** is a true copy of said email.

12. On April 12, 2013, Choueka sent an email to Gildea instructing them to cut a check for $80,000 to be put into ROE's operating account to buy out an old Australian partner. Attached hereto as **Exhibit "2"** is a true copy of the April 12, 2013 email.

13. On May 4, 2015, ROE made a payment of $50,000 to Holland towards the outstanding amount owed.

14. On September 3, 2015, ROE made a payment of $12,000 to Holland towards the outstanding amount owed.

15. On November 11, 2015, ROE made a payment of $15,000 to Holland towards the outstanding amount owed.

16. Thereafter, no further payments were made by ROE or Choueka to Holland.

17. On December 15, 2015, a letter was sent to Choueka informing him that he no longer represented Holland in any capacity and that he should cease and desist his involvement with all of Holland's affairs immediately. Attached hereto as **Exhibit "3"** is a true copy of the December 15, 2015 cease and desist letter.

18. On May 9, 2016, letters were sent to Choueka and ROE demanding payments on the outstanding amounts of the loans extended to ROE by Holland. Attached hereto as **Exhibit "4"** is a true copy of the May 9, 2016, demand letter.

19. To date, no further payments have been made by ROE on the amounts due and owing.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Veil Piercing-Alter Ego)

20. Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 19 above as if fully set forth herein.

21. Defendant Choueka owns, dominates and controls Defendant ROE.

22. Defendant Choueka has disregarded the corporate status of ROE and used it as a vehicle to gain personal access to Holland's assets for his own personal use and the disadvantage of Holland.

23. Defendant Choueka undercapitalized ROE in order to injure creditors of ROE.

24. On information and belief, Defendant Choueka has used the assets of ROE as his own, so as to render ROE nothing but a "shell."

4

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

25.     Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 24 above as if fully set forth herein.

26.     Plaintiff Holland and Defendant ROE entered into a valid and binding loan agreement wherein Holland duly performed all of his obligations and loaned Defendant ROE $500,000.

27.     Defendant ROE breached its loan agreement with Holland by failing to repay the entire $500,000 loaned by Holland on or before December 31, 2014.

28.     As a result, Holland has been damaged in an amount not less than $423,000.00 plus interest at the agreed to rate of ten (10) percent.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

29.     Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 28 above as if fully set forth herein.

30.     Plaintiff Holland and Defendant ROE entered into a valid and binding loan agreement wherein Holland duly performed all of his obligations and loaned Defendant ROE $80,000.

31.     Defendant ROE breached its loan agreement with Holland by failing to pay the entire $80,000 lent by Holland upon demand, and interest due pursuant to the terms of the loan.

32.     As a result, Holland has been damaged in an amount not less than $80,000.00 plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Fraud in the Inducement)

33. Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 32 above as if fully set forth herein.

34. In or around the fall of 2012, Choueka represented to Holland that he was fully capable of acting on his behalf and willing to manage Holland's finances; including, but not limited to, minimizing Holland's tax liabilities and to make as much cash available to Holland as possible.

35. These statements were material in Holland's decision to grant Choueka management control over his finances and to allow Choueka to act on his behalf with regard to his finances.

36. Choueka's statements were false and known to be false at the time and made for the purpose of inducing Holland to consent to Choueka managing and controlling the management of all of Holland's finances.

37. Holland was unaware that the statements were false, and Holland relied upon them in giving Choueka management control over his finances and allowing him to act on his behalf.

38. In fact, Choueka's real, but unstated purpose was to gain control of Holland's finances for Choueka's own benefit.

39. As a direct and proximate result of the fraudulent inducement committed by Choueka, Holland was denied any and all alleged benefit intended to be derived from granting Choueka control over his finances.

40. As a result, Holland has been damaged in an amount not less than $503,000.00 plus the agreed interest of 10%.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

41. Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 40 above as if fully set forth herein.

42. In or around December 2014, Holland made Choueka his financial manager, with the authority to manage his finances for his, Holland's benefit, and Holland notified his accountant, Scott Gildea, of the appointment.

43. Pursuant to this relationship, Choueka assumed a fiduciary relationship to Holland with regard to the management of Holland's assets.

44. Choueka breached his fiduciary duty to Holland by acts including, but not limited to:

   (i)   Inducing Holland to place him in charge of his finances;

   (ii)  Placing his interests before those of Holland;

   (iii) Not fully disclosing to Holland all of the dispositions being made with his money;

   (iv)  Misrepresenting information about ROE;

   (v)   Failing to minimize Holland's tax liabilities;

   (vi)  Allowing Holland's tax liabilities to go into arrears while loaning Holland's money to ROE;

   (vii) Overseeing and allowing the depletion of Holland's funds; and

   (viii) Failing to properly manage funds to pay for the current and foreseeable needs of Holland.

45. As a direct and proximate result of the breach of Choueka's fiduciary duties, Holland has fallen substantially behind on his tax liabilities and his funds have been drastically depleted.

46. As a result, Holland has been damaged in an amount not less than $503,000.00 plus interest.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

47. Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 46 above as if fully set forth herein.

48. Holland's funds were used to loan Defendant ROE $580,000.00 pursuant to Defendant Choueka's direction. The essence of a loan is repayment with interest. Here, under Choueka's direction, ROE received the benefit of $580,000 for nearly four (4) years without paying any interest and making only a token repayment of principal.

49. Defendant ROE has been enriched, at the Plaintiff's expense, in the sum of $503,000.00 and it is against equity and good conscience to permit the Defendant to retain the principal sum.

50. As a result, Defendant ROE has been unjustly enriched at Holland's expense, with the reasonable value of Holland's services and expenses being not less than $503,000.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Conversion)

51. Holland repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 50 above as if fully set forth herein.

52. During the time that Choueka was in charge of Holland's finances he was given authority to manage for the benefit of Holland.

53. It was with this authority that Choueka authorized two loans totaling $580,000 to be made to his company, Defendant ROE.

54. Despite written demand, Defendants have failed to remit payment for the remaining amount due for the two loans Choueka authorized to ROE.

55. As a result, Holland has been damaged in an amount not less than $503,000.00 plus interest.

**WHEREFORE**, Plaintiff seeks relief and judgment as follows:

(1) On Plaintiff's First Cause of Action for a judgment that ROE is the alter ego of Choueka and that Choueka is personally liable for ROE's liabilities to Plaintiff;

(2) On Plaintiff's Second Cause of Action for Breach of Contract, damages in an amount to be determined at trial, but in no event less than $423,000.00, plus interest;

(3) On Plaintiff's Third Cause of Action for Breach of Contract, damages in an amount to be determined at trial, but in no event less than $80,000.00, plus interest;

(4) On Plaintiff's Fourth Cause of Action for Fraud in the Inducement, damages in an amount to be determined at trial, but in no event less than $503,000.00, plus interest;

(5) On Plaintiff's Fifth Cause of Action for Breach of Fiduciary Duty, damages in an amount to be determined at trial, but in no event less than $503,000.00, plus interest;

(6) On Plaintiff's Sixth Cause of Action for Unjust Enrichment, damages in an amount to be determined at trial, but in no event less than $503,000.00, plus interest;

(7) On Plaintiff's Seventh Cause of Action for Conversion, damages in an amount to be determined at trial, but in no event less than $503,000.00, plus interest; and

(8) For such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      January 9, 2017

**OHRENSTEIN & BROWN, LLP**

By: _____
    Michael D. Brown (MB9856)
    Rosario DeVito (RD4770)
*Attorney for Plaintiff*
1305 Franklin Avenue, Suite 300
Garden City, New York 11530
Tele No: (516) 873-6334
Fax No: (516) 873-8912
michael.brown@oandb.com
rosario.devito@oandb.com

10